■ In the Matter of CATHERINE P., a Child Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBIN Q., Appellant. (And Another Related Proceeding.) [702 NYS2d 722] —Graffeo, J. Appeals from two orders of the Family Court of St. Lawrence County (Nelson, J.), entered March 17, 1998, which, inter alia, granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to adjudicate respondent's two children and his stepdaughter to be neglected.

In May 1997 petitioner filed petitions against respondent alleging neglect of his two children and one stepchild. Orders of protection were entered which prevented respondent from having any contact with the children. After negotiations between the parties, respondent admitted to certain allegations contained in the petitions and Family Court adjudicated the three children to be neglected.

Respondent now appeals, contending that his admissions

were insufficient to support Family Court's findings of neglect. We disagree. The record reveals that respondent admitted to specific and repeated acts of physical abuse, including hitting the three children in the head, face and back, which often left bruises and welts. Additionally, respondent physically abused the children's mother in their presence and compelled the children to strike their mother with threats of additional abuse. Hence, the record amply demonstrates that the children were subjected to physical harm and exposed to instances of domestic violence in which their physical, mental and emotional conditions were impaired as a result of respondent's failure to exercise a minimum degree of care (*see*, Family Ct Act § 1012 [f] [i] [B]; *Matter of Kathleen GG. v Kenneth II.*, 254 AD2d 538; *Matter of Kim HH.*, 239 AD2d 717; *Matter of Tami G.*, 209 AD2d 869, *lv denied* 85 NY2d 804). Based on respondent's admissions and the hearing testimony, we conclude that Family Court's findings of neglect were adequately supported by a preponderance of the evidence (*see*, *Matter of Tabatha WW.*, 260 AD2d 669, *lv denied* 93 NY2d 815).

Next, respondent asserts that his admissions did not warrant the issuance of orders of protection which forbade contact with the children except as supervised by petitioner. It is well settled that a Family Court determination regarding visitation will not be disturbed unless it lacks a sound basis in the record (*see*, *Matter of Shawn Y.*, 263 AD2d 687). Family Court also has the authority to issue an order of protection (*see*, Family Ct Act § 1056) and require supervision for one year, which may be extended after a hearing upon good cause (*see*, Family Ct Act § 1057). Here, Family Court clearly did not abuse its discretion in granting orders of protection which it found to be in the best interests of the children, especially in light of the repeated instances of physical abuse and respondent's current incarceration on a rape conviction (*cf.*, *Matter of Joyce SS.*, 234 AD2d 797; *Matter of Christina I.*, 226 AD2d 789, *lv denied* 88 NY2d 808; *Matter of William GG.*, 222 AD2d 752, *lv denied* 87 NY2d 811).

To the extent that respondent argues that Family Court improperly extended the order of protection regarding his stepdaughter, that issue is not properly before this Court since respondent did not appeal from that order (*see*, *Finch, Pruyn & Co. v Niagara Paper Co.*, 228 AD2d 834, *appeal dismissed* 88 NY2d 979).

We have considered respondent's remaining contentions and find them to be either unpreserved for appeal or lacking in merit.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.