■ In the Matter of CALEB L., a Neglected Child. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANI L., Appellant. [734 NYS2d 909] —Rose, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered April 12, 2001, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to extend a prior order of supervision.

After finding that respondent neglected her seven-year-old son, Family Court released the child to the custody of his biological father under the supervision of petitioner for a period of one year and permitted respondent only supervised visitation in a January 2000 order recently affirmed by this Court (287 AD2d 831). Near the end of the one-year period, petitioner filed a petition seeking an extension of the order of supervision. After a hearing and an in camera interview with the child, Family Court granted the petition. Respondent appeals.

Family Court is authorized to make successive extensions of supervision "upon a hearing and for good cause shown" (Family Ct Act § 1054 [b]). The record here fully supports Family Court's specific findings that respondent had continued to make inappropriate comments to the child and been recently charged with possession of marihuana. Based on our review of the record and Family Court's advantage in assessing witness credibility, we find no reason to disturb Family Court's determination.

We also find no merit in respondent's argument that Family Court erred by failing to consider the best interest of the child in deciding to extend supervision. Respondent's reliance on Family Court Act § 1055 (b) (iv) (B) is unavailing, for that section applies only to extensions of placement while sections 1054 (b) and 1057 establish "good cause shown" as the standard for a proper extension of supervision.

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.