In the Matter of KENNETH V. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AUGUST V., III, Appellant. (Appeal No. 1.) [762 NYS2d 563] —Appeal from an order of Family Court, Erie County (Szczur, J.), entered April 18, 2002, which found that respondent's children are neglected children.

In the Matter of KENNETH V. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AUGUST V., III, Appellant, et al., Respondent. (Appeal No. 2.) [761 NYS2d 422] —Appeal from those parts of an order of Family Court, Erie County (Szczur, J.), entered May 15, 2002, that adjudged that, with respect to respondent August V., III, Kenneth V., Michael V., August V., IV, Nathaniel V., and Zachary V. are neglected children and placed respondent August V., III under the supervision of petitioner for a period of 12 months.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the petition against respondent August V., III with respect to Kenneth V., Michael V., August V., IV, Nathaniel V., and Zachary V. is dismissed.

Memorandum: Petitioner commenced this neglect proceeding against respondents, Cheryl V. (mother) and August V., III (father), alleging that they had neglected all seven of their children by refusing to accept intensive counseling for two of their children as well as a higher level of services for those two children, as recommended by a mental health counselor and as offered by a child protective services (CPS) worker for petitioner. The two children, Michael V. and Kenneth V., had previously been in counseling to address their aggressive behavior and their fighting with each other. The fighting had escalated to a point where Michael V. had wielded a knife on three separate occasions. The last incident prompted the counselors to recommend intensive counseling and enhanced mental health services. When the children had not been scheduled for those enhanced services despite repeated requests made to the mother, a report of suspected child abuse or maltreatment was made and the neglect petition was filed against both parents.

The mother admitted that she failed to obtain the services in the timetable established by the counselors, but the father proceeded to a hearing on the allegations in the petition. At the conclusion of that hearing, Family Court found that the father had neglected each of his seven children. We conclude that the court's finding is not supported by the evidence.

A neglected child is defined as "a child less than eighteen years of age * * * whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum degree of care (A) in supplying the child with * * * medical * * * care, though financially able to do so or offered financial or other reasonable means to do so; or (B) in providing the child with proper supervision or guardianship, [or] by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof * * *" (Family Ct Act § 1012 [f] [i]). "The minimum degree of care standard requires an objective evaluation of [the father's] actions in light of what a reasonable and prudent parent would have done" (*Matter of Christopher JJ.*, 281 AD2d 720, 721 [2001]). "To support a finding of neglect petitioner must prove both parental misconduct and harm or potential harm to a child" by a preponderance of the evidence (*id.* at 721; *see* § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]; *Matter of Stephanie B.*, 245 AD2d 1062 [1997]).

We conclude that petitioner met its burden of establishing harm or potential harm by establishing that two of the seven children were fighting and that the fighting involved weapons on three occasions. Petitioner further established that, on one such occasion, the mother had attempted to break up the fight while holding a third child in her arms, thus exposing that child to potential harm. We further conclude, however, that there was no evidence supporting a finding of parental misconduct on the part of the father.

The mental health counselors who treated the two children at issue testified that they never spoke with the father or made any recommendations directly to him. The father did not reside in the same household with the mother and the children and did not attend any of the counseling sessions with the children. The CPS worker for petitioner did not inform the father of the treatment recommendations until after the report of suspected child abuse or maltreatment had been made by the counselors and the neglect petition did not include allegations concerning the father's response to a telephone call from the CPS worker. It is undisputed that Michael V.'s first appointment for

intensive counseling occurred five days after the CPS worker called the father and on the same day that the petition was filed. At the hearing, the father denied any awareness that the fighting had escalated to involve weapons and denied any knowledge of the treatment recommendations.

Although a failure to obtain recommended mental health treatment can constitute a failure to provide medical care within the meaning of Family Ct Act § 1012 (f) (i) (A) (*see Matter of Stephen GG.*, 279 AD2d 651, 654 [2001]; *Matter of Joyce SS.*, 234 AD2d 797, 798-799 [1996]), here there was no evidence to support a finding that any recommendations had been communicated to the father and ignored by him. The court based its finding of neglect on a finding that the father's lack of awareness was incredible and that the father's " 'out of sight, out of mind' manner of parenting * * * [cannot] be allowed * * *." There was no evidence of any misconduct by the father, and there was no evidence to support a finding that the father should have been aware of the escalated fighting. There was no evidence that anyone told the father of the increasing problems, and he testified that the children did not fight when he was present in the household. Although "[t]he court's credibility finding is entitled to great weight and will not be disturbed unless clearly unsupported by the record" (*Matter of Livingston County Dept. of Social Servs. v Kimberly M.*, 278 AD2d 902, 903 [2000]), a finding that the father is not credible does not obviate the need for affirmative proof of neglect. The record contains no affirmative proof to support a finding of neglect against the father and thus, a fortiori, such a finding is not supported by a preponderance of the evidence. We therefore reverse the fact-finding and dispositional orders in appeal Nos. 2 and 3 insofar as appealed from and dismiss the petition against the father. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.