■ In the Matter of AMBER VV. and Others, Alleged to be Neglected Children. ST. LAWERENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEFFREY VV., Appellant. [802 NYS2d 786]—

Mugglin, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered September 3, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the father of three children, Amber (born in 1986), Daniel (born in 1987) and Michael (born in 1989). The present neglect proceeding was commenced against respondent and the mother of the children in November 2002. In June 2003, respondent stipulated in open court that testimony of the oldest child, given in the context of a prior custody proceeding between respondent and the mother, could serve as a basis for Family Court's findings of fact on the issue of neglect. Following the finding of neglect against respondent and the mother, a dispositional hearing was held and Family Court ordered, as relevant to this appeal, that Daniel's placement would continue with the mother, subject to respondent's visitation on alternate weekends and that Michael would be placed in the custody of petitioner to await placement in an appropriate residential treatment facility. Respondent now appeals.

As an initial matter, without challenging the underlying determination of neglect, respondent assails Family Court's order for failing to make specific findings of fact in support of neglect and for its decision with respect to disposition. Respondent's unchallenged consent to an adjudication of neglect is not appealable as he is not aggrieved by those findings (*see Matter of Bryan W.*, 299 AD2d 929, 930 [2002], *lv denied* 99 NY2d 506 [2003]; *Matter of Nicole Lee B.*, 256 AD2d 1103, 1105 [1998]). Were we to consider Family Court's failure to make specific findings of fact, as required by Family Ct Act § 1051, we would not remit since, after review of the record as a whole, this Court can make the necessary findings (*see Matter of Cecilia PP.*, 290 AD2d 836, 837 [2002]; *Matter of Aishia O.*, 284 AD2d 581, 584 [2001]). The testimony upon which the finding of neglect is based details instances of both physical and verbal domestic violence between the parents in front of the children, specific and detailed physical abuse by respondent of the oldest child, respondent's verbal and physical abuse of the other children, respondent's growing and use of marihuana in front of the children and his general disregard for the children's welfare which amply support a finding of neglect.

In Family Court's order of disposition, other than a statement

that domestic violence in the children's home occurred, the court made no statement of the grounds upon which its decision was made as required by Family Ct Act § 1052 (b). However, the record contains a detailed explanation by Family Court of its dispositional order at the conclusion of the hearing and, in our view, Family Court's determination finds appropriate support in the record as a whole.

Respondent claims that reducing his visitation from alternate weeks to alternate weekends is not in the best interests of Daniel. Family Court's decision to reduce respondent's visitation hinged principally on the finding that Daniel needs the stability of a regular schedule to deal with his undisputed mental and physical disabilities. Respondent has only recently shown any interest in Daniel's welfare and his current assertions of an ability to be attentive to his needs find little or no support in the record. Moreover, in a companion case in which we specifically addressed respondent's parenting capabilities, we concluded that respondent has not demonstrated an ability to meet Daniel's needs (*Matter of Amber VV.*, 19 AD3d 767, 769 [2005]). Since the present record gives no reason to abandon that finding and the record clearly indicates that Family Court considered factors relevant to a complete and thorough examination of the best interests of Daniel, we find no reason to disturb its disposition.

Respondent urges that Michael's care should have been placed with him pending ultimate placement in a residential treatment facility. The record reveals that Michael suffers from conduct and impulse control disorders which have required inpatient psychiatric care for a total of nine out of the previous 12 months. Although petitioner and the medical staff at the psychiatric center acquiesced in respondent's demand that Michael be temporarily released to his custody while awaiting placement, this determination is not binding on the court. Given the serious nature of Michael's mental health problems and respondent's history of inadequately dealing with those problems, we find no reason to disturb Family Court's decision with respect to Michael's placement while awaiting acceptance into an appropriate residential treatment facility.

Finally, respondent's argument that petitioner failed to make diligent efforts to reunite the children with respondent is unpersuasive. The family was provided with intensive services, including, among others, youth advocate program services, various mental health counseling services and a referral of respondent to parenting classes. Thus, Family Court appropriately determined that the necessary efforts were made to safely

return the child to his home (*see* Family Ct Act § 1055 [b] [iv] [B] [4]). With respect to Daniel, since he was already in his mother's custody, diligent efforts to reunite the child with his parents were not required. In any event, the services provided by petitioner were clearly applicable to Daniel and more than sufficient to meet petitioner's obligations.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.