■ In the Matter of AMANDA WW. and Others, Children Alleged to be Abused and Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDWARD XX., Appellant. [842 NYS2d 614]—

Mercure, J. Appeal from an order of the Supreme Court (Lawliss, J.), entered November 6, 2006 in Clinton County, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend a prior order of supervision.

Respondent is the father of two daughters (born in 1989 and 1993) and a son (born in 2001). In November 2005, based upon respondent's admission that he engaged in oral sexual contact with one of his daughters, Supreme Court adjudicated that child to be abused and neglected and the remaining children to be derivatively abused and neglected. Respondent's daughters were released to the custody of their mother, a resident of Maine, without supervision; the son was released to the custody of his mother, a resident of Clinton County, under petitioner's supervision. The court also issued an order of protection prohibiting respondent from contacting or communicating with the children for a period of one year.

Petitioner now seeks extension of its supervision of respondent for a period of one year pursuant to Family Ct Act § 1057. All parties consented to the extension before Supreme Court, but respondent requested a hearing on the issue of his contact with the children. Following the hearing, Supreme Court extended the period of supervision until October 15, 2007, and entered a corrective order of protection directing respondent to stay away from the three children except during periods of supervised visitation every other week with his son. The order of protection also permitted respondent to communicate with his daughters via written correspondence transmitted through the Law Guardian's office. Respondent appeals and we now affirm.

Although respondent consented to extension of petitioner's supervision, he asserts that Supreme Court abused its discretion in continuing to limit his contact with his children. The Family Court Act provides for successive extensions of supervision "upon a hearing and for good cause shown" (Family Ct Act § 1057; *see Matter of Caleb L.*, 289 AD2d 902, 902 [2001]; *Matter of Catherine P.*, 269 AD2d 702, 703 [2000], *lv denied* 95 NY2d 751 [2000]), and also permits the issuance of orders of protection "in assistance or as a condition of" orders extending supervision (Family Ct Act § 1056 [1]; *see Matter of Sheena D.*, 8 NY3d 136, 139 [2007]). Moreover, with regard to orders of protection prohibiting unsupervised contact, "[i]t is well settled that a . . . determination regarding visitation will not be disturbed unless it lacks a sound basis in the record" (*Matter of Catherine P.*, 269 AD2d at 703). Here, respondent has an admitted history of sexual abuse and an ongoing need for counseling, the parties agreed at the hearing that continued supervision was appropriate, and respondent acknowledged that an order of protection entered as part of his criminal sentence prohibited contact with one of his daughters. Accordingly, we cannot say that Supreme Court erred in extending supervision or abused its discretion in continuing to limit respondent's contact with his children (*see Matter of Caleb L.*, 289 AD2d at 902; *see also Matter of Amanda SS.*, 284 AD2d 588, 589 [2001], *lv denied* 97 NY2d 606 [2001]; *Matter of Catherine P.*, 269 AD2d at 703).

Cardona, P.J., Crew III, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.