■ In the Matter of BLAIZE F. and Others, Children Alleged to be Abused and/or Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER F., Appellant. [855 NYS2d 284]—

Lahtinen, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered July 28, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected.

Respondent resided with his wife (hereinafter the mother), the mother's two daughters (born in 1991 and 1993), and the couple's son (born in 1996). In March 2006, petitioner, acting upon information provided in December 2005 by the oldest child about an incident that allegedly occurred when she was 11 years old, commenced the instant proceeding pursuant to Family Ct Act article 10 asserting that respondent abused and neglected the oldest child and derivatively neglected the two other children. The oldest child had revealed that, while the other children were in the house and the mother was at work, respondent had a conversation with her about sex, including masturbation. According to the oldest child, during that conversation he directed her to put on pink thong underwear and then placed his fingers inside her vagina, purportedly to show her how to masturbate. While respondent acknowledged having a conversation with the child about sex and masturbation, he adamantly denied ever touching her and contended that she was retaliat-

ing against him because he was the disciplinarian in the house. The mother acknowledged that the child had previously revealed to her the conversation about masturbation, but she also recalled that, upon questioning by her, the child had stated at that time that respondent had not touched her.

Family Court credited the oldest child's testimony and determined, among other things, that she was a neglected and abused child and that the other two children were neglected and derivatively neglected. The children remained with their mother and the disposition included various terms as well as protective orders precluding respondent from any contact with the oldest child, permitting supervised visitation with the other daughter if the mother so desired, and permitting supervised visitation with the son. Respondent appeals.

Respondent initially argues that Family Court committed reversible error when it refused to allow him to call a state trooper who, according to respondent's offer of proof, would have testified that the oldest child lied to the trooper during the investigation of an unrelated matter. "The general rule of evidence in this State concerning the impeachment of witnesses with respect to collateral matters is that the cross-examiner is bound by the answers of the witness to questions concerning collateral matters inquired into solely to affect credibility . . . [and] the party who is cross-examining a witness cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness' answers concerning collateral matters solely for the purpose of impeaching that witness' credibility" (*People v Pavao*, 59 NY2d 282, 288-289 [1983] [internal quotation marks and citations omitted]; *see People v Inniss*, 83 NY2d 653, 658 [1994]; *People v Schwartzman*, 24 NY2d 241, 245 [1969], *cert denied* 396 US 846 [1969]). During cross-examination, the oldest child was asked about an incident that was unrelated to the allegations in this proceeding in which a trooper came to the home in May 2006. She denied during such questioning that she had told the trooper that no one else was at the home. Respondent then sought to produce the trooper to testify both that she stated to him that no one else was there and that such statement was false. Petitioner objected and Family Court sustained the objection. Since this line of proof involved a collateral matter directed solely at the witness's credibility, respondent was bound by the answer of the oldest child during cross-examination and Family Court did not err in precluding further pursuit of the collateral issue (*see People v Bellamy*, 26 AD3d 638, 641 [2006]).

Next, respondent and the Law Guardian for the son contend

that the evidence did not support the finding of derivative neglect. The son's Law Guardian initially challenges the underlying factual findings regarding the oldest child, upon which the derivative findings as to the other two children are premised. It is well settled that "Family Court's findings are entitled to great deference especially where the critical evidence is testimonial, in light of the court's ability to assess the witnesses' credibility, and should generally not be disturbed absent a conclusion that they lack a sound and substantial basis in the record" (*Matter of Nathaniel TT.*, 265 AD2d 611, 614 [1999], *lv denied* 94 NY2d 757 [1999] [citations omitted]; *see Matter of Brandi U.*, 47 AD3d 1103, 1104 [2008]; *Matter of Angelina AA.*, 211 AD2d 951, 952 [1995], *lv denied* 85 NY2d 808 [1995]). Here, there clearly was conflicting testimony and a different factual finding regarding respondent certainly was feasible. Nevertheless, Family Court credited the oldest child's testimony as to the key contentions. That determination has a basis in the record sufficient to accept the credibility determinations of Family Court. The fact that the child's testimony lacked some consistency on marginal matters does not require a wholesale rejection of her testimony (*see Matter of Nathaniel TT.*, 265 AD2d at 614).

Both respondent and the son's Law Guardian further contend that the abuse of the oldest child was insufficient to establish derivative neglect. "[W]hile a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively neglected," such a finding is appropriate where the proof found credible by Family Court "evinced a flawed understanding of a parent's duties and impaired parental judgment" that placed the other children at risk of harm (*Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]; *see Matter of Doe*, 47 AD3d 283, 287 [2007]; *Matter of Jewle I.*, 44 AD3d 1105, 1106 [2007]). The evidence credited by Family Court included that respondent was the only adult home with the children, he started a conversation about sex with the 11-year-old child in a bedroom, he had her change into adult lingerie, and he placed his fingers in her vagina for about one to two minutes. During this time, the younger children were in the house and came to the closed bedroom door inquiring about the location of their sister. This evidence sufficiently reveals such flawed parental judgment as to create a risk of harm to the other children and, accordingly, we are unpersuaded that Family Court erred in making a finding of derivative neglect.

We do, nevertheless, conclude that Family Court's finding of direct neglect of the two younger children was procedurally

improper. The petition did not allege direct neglect as to these two children nor was any amendment of the allegations of the petition to conform to the proof sought or authorized (*see* Family Ct Act § 1051 [b]; *Matter of Latifah C.*, 34 AD3d 798, 800 [2006]; *Matter of Joseph O.*, 28 AD3d 562, 563 [2006]; *Matter of Stephanie R.*, 21 AD3d 417, 418 [2005]).

Peters, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by deleting the provision finding that respondent directly neglected the two younger children, and, as so modified, affirmed.