■ In the Matter of JAMES U., a Child Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLAIRE OO., Appellant. [866 NYS2d 370]—

Rose, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered May 22, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend the period of petitioner's supervision of respondent.

Respondent's parental rights to three of her four children were terminated under circumstances set forth in our earlier decisions (see Matter of Vivian OO., 34 AD3d 1084 [2006]; Matter of Vivian OO., 34 AD3d 1111 [2006], lv denied 8 NY3d 808 [2007]; Matter of Brandon OO., 304 AD2d 873 [2003]; Matter of Brandon OO., 289 AD2d 721 [2001]). Respondent's fourth child, James U. (born in 2002), was found to be derivatively neglected on similar grounds in 2005. Family Court's dispositional order in that proceeding returned James to respondent's care under the supervision of petitioner until March 2006. The order also imposed certain conditions, including that respondent not permit the child's father to have any contact with him. The order was later extended until March 2007 and, in January 2007, petitioner sought an additional one-year extension. After a hearing, Family Court found a continuing risk that respondent might allow the child's father in her household and granted petitioner's application, prompting respondent's current appeal.

As a preliminary matter, petitioner argues that the extended order of supervision has been superseded by a subsequent decision and order that removed James from respondent's custody and, therefore, this appeal is moot. We disagree. Inasmuch as respondent's challenge is directed at Family Court's continuation of the conditions upon her retention of custody of James and it was her alleged violation of one of those conditions that led to her later loss of custody, her appeal is not moot (see Matter of Rachel A., 278 AD2d 528, 529 [2000], lv dismissed 96 NY2d 854 [2001]).

Turning to the merits, we find a sound basis in the record to support Family Court's determination that although respondent had made progress in her parenting skills and cooperated with

petitioner's supervision, there remained the risk that she would permit the child's father to have contact with the child. Despite respondent's disavowals of any intention to allow the father to return to her household, the evidence established that she continues to deny that the father previously had abused one of her daughters and that she does not fully comprehend the risk posed to James. The child's Law Guardian also perceived this risk and supported the extension of supervision. Deferring to Family Court's assessment of witness credibility, we agree that good cause was shown for the extension of the order of supervision and the conditions which it imposed (*see Matter of Amanda WW.*, 43 AD3d 1256, 1257 [2007]; *Matter of Caleb L.*, 289 AD2d 902, 902 [2001]).

We are equally unpersuaded by respondent's alternate contention that she did not receive the effective assistance of counsel in opposing the extension of the order. While the suggestion in counsel's closing argument that the child's father be permitted to return to the child's home may have been ill-considered, counsel nonetheless fully presented respondent's grounds for terminating the order of supervision by eliciting testimony that she had complied with its conditions and cooperated with petitioner. Accordingly, viewing the totality of the circumstances here, we find that respondent was provided meaningful representation (*see Matter of Brenden O.*, 20 AD3d 722, 723 [2005]; *Matter of James P.*, 17 AD3d 733, 734-735 [2005]).

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.