■ In the Matter of NARICIA Y., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JENNIFER AA., Appellant. (Proceeding No. 1.) In the Matter of TODD Z., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JENNIFER AA., Appellant. (Proceeding No. 2.) [876 NYS2d 546]—

Stein, J. Appeals from three orders of the Family Court of Clinton County (Lawliss, J.), entered April 11, 2008, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10-A, to terminate the placement of respondent's children.

Respondent admitted to the neglect of two of her children (born in 1990 and 2001) following the arrest of the man with whom she was cohabiting. Family Court found that it would be unsafe for the children to be in respondent's care at that time and temporarily placed them in the custody of respondent's mother. At a permanency hearing held after the commencement of these proceedings, all parties agreed that the children should be returned to respondent's care and custody and that respondent no longer needed petitioner's services. Family Court terminated the children's placement, but continued petitioner's supervision of respondent. In addition, Family Court, sua sponte, issued an order of protection which, among other things, prohibited respondent from permitting any unrelated male into her residence without petitioner's oversight (specifically requir-

ing petitioner to conduct a background check and interview of said male[s]) and from purchasing, possessing or consuming any alcoholic beverages at any time. Respondent now appeals from the imposition of these conditions on the termination of the children's placement.

Pursuant to Family Ct Act § 1056, Family Court is empowered to issue orders of protection setting forth reasonable conditions of behavior in assistance of its other orders regarding the placement of children. Notwithstanding Family Court's considerable discretion regarding the nature of the conditions (*see* Family Ct Act § 1056 [1] [h]; *Matter of Caitlyn U.*, 48 AD3d 934, 935 [2008], *lvs denied* 10 NY3d 710 [2008]; *Matter of Catherine P.*, 269 AD2d 702, 703 [2000], *lv denied* 95 NY2d 751 [2000]; *Matter of Joyce SS.*, 234 AD2d 797, 800 [1996]), we find no record evidence that the conditions imposed here were necessary to promote the best interests of the children (*compare Matter of Joyce SS.*, 234 AD2d at 800). The restriction on allowing unrelated males into respondent's residence is so broad that it would effectively prevent countless persons who pose no threat to the children's well-being—such as repair persons and even the children's friends—from entering. Additionally, there is no record evidence that, since the event which led to the children's removal, respondent has allowed them to come into contact with any males who would place them in jeopardy. Similarly, there is nothing in the record to suggest that respondent's use of alcohol was related to the event that resulted in the children's placement or that she has a problem with alcohol abuse. In fact, the results of a drug and alcohol assessment conducted on respondent indicated that she was not in need of any drug or alcohol treatment. Indeed, both petitioner and the assigned Law Guardian concur with respondent's contention that the imposition of these conditions was not reasonable. Thus, we find that Family Court's orders should be modified accordingly.

Cardona, P.J., Rose, Kane and Kavanagh, JJ., concur. Ordered that the orders are modified, on the law, without costs, by deleting those portions thereof as restricted respondent's purchase and consumption of alcoholic beverages and required petitioner's oversight of all unrelated males in respondent's home, and, as so modified, affirmed.