In the Matter of BLAIZE F. and Others, Children Alleged to be Abused and Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER F., Appellant. (And Another Related Proceeding.) [— NYS2d —]—

Kane, J. Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered May 16, 2008, which, in a proceeding pursuant to Family Ct Act article 10, partially granted respondent's motion to modify a prior order of protection, and (2) from two orders of said court, entered July 25, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend the supervision of the subject children for a period of 12 months, and issued an order of protection.

Since July 2006, when Family Court found that respondent abused his stepdaughter and neglected his son and other stepdaughter, these parties have been before our Court several times (*Matter of Blaize F.*, 55 AD3d 974 [2008]; *Matter of Blaize F.*, 50 AD3d 1182 [2008]; *Matter of Blaize F.*, 48 AD3d 1007 [2008]). The children have remained with their mother, respondent's wife. The order of protection issued in connection with the abuse and neglect findings required respondent to, among other things, stay away from the children, their school and home, and refrain from communicating with them except during supervised visits with the son, Blaize F. In July 2007, the court granted petitioner's application to extend the period of supervision for 12 months and again issued an order of protection. Respondent moved to change the visitation supervisor and for other minor relief, most of which was granted by the court in a May 2008 order of protection. In response to petitioner's application to extend supervision for an additional 12 months, the court held a hearing which resulted in a July 2008 order extending supervision along with corresponding orders of protection. Respondent appeals from the May 2008 order and the July 2008 orders.

The appeal from the May 2008 order is moot, as that order expired by its own terms and was superceded by a July 2008 order of protection (*see Matter of Blaize F.*, 55 AD3d at 975; *Matter of Cadejah AA.*, 25 AD3d 1027, 1028-1029 [2006], *lv denied* 7 NY3d 705 [2006]; *Matter of Prehna v Prehna*, 24 AD3d 917, 917 [2005]).

Respondent does not attack Family Court's determination to extend petitioner's supervision of respondent and the children. Instead, he contends that the court erred by prohibiting unsupervised visitation and any phone contact with the son. Concerning the latter point, while the orders could have been clearer, they permit phone contact with the son as long as the approved supervisor remains on the line and can hear all conversation between respondent and the son.

A prohibition on unsupervised visitation will not be disturbed unless it lacks a sound and substantial record basis (*see Matter of Amanda WW.*, 43 AD3d 1256, 1257 [2007]; *see also Matter of Amber VV.*, 22 AD3d 967, 969 [2005], *lv denied* 6 NY3d 708 [2006]). Family Court's findings are entitled to deference when they are based upon credibility determinations (*see Matter of Blaize F.*, 50 AD3d at 1184). Here, the court accepted as highly credible the testimony of petitioner's employee who was a cofacilitator of the sex offender accountability program in which respondent was enrolled. That employee testified that respon-

dent continued to deny his abuse of the older stepdaughter, had made little progress in addressing his anger and could be vindictive and intimidating. The court found that respondent testified untruthfully by denying the sexual abuse. The court also took judicial notice of prior orders, including the findings of abuse and neglect and respondent's contempt in willfully failing to obey court orders. Considering these credibility determinations, we cannot say that the court abused its discretion in continuing to require supervised visitation (*see Matter of Amanda WW.*, 43 AD3d at 1257).

Cardona, P.J., Rose, McCarthy and Garry, JJ., concur. Ordered that the appeal from the order entered May 16, 2008 is dismissed, as moot, without costs. Ordered that the orders entered July 25, 2008 are affirmed, without costs.