■ In the Matter of BLAIZE F. and Others, Children Alleged to be Abused and/or Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER F., Appellant. [903 NYS2d 194]—

Lahtinen, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered October 13, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend the supervision of respondent.

The underlying facts are set forth in earlier appeals (*see Matter of Blaize F.*, 64 AD3d 936 [2009]; *Matter of Blaize F.*, 55 AD3d 974 [2008]; *Matter of Blaize F.*, 50 AD3d 1182 [2008]; *Matter of Blaize F.*, 48 AD3d 1007 [2008]). Briefly stated and as is currently relevant, petitioner brought this proceeding to extend supervision regarding respondent's two stepdaughters and, in that petition, it also requested that respondent be granted unsupervised visitation with his son, Blaize F. At the ensuing hearing, both petitioner and the attorney for Blaize advocated for unsupervised visitation. Petitioner's witnesses unequivocally supported permitting respondent to have unsupervised visitation with Blaize and described in detail the positive interaction between respondent and Blaize as well as respondent's successful completion of pertinent programs. With no

proof having been presented opposing unsupervised visitation, Family Court nonetheless produced and admitted into evidence its own exhibit, a Canadian study entitled "A Meta-Analysis of the Effectiveness of Treatment of Sexual Offenders: Risk, Need, and Responsibility." Subsequently, in the closing statement, petitioner stated that it had erred in including Blaize in the petition and acknowledged that the petition should be dismissed as to him. However, Family Court rendered a decision (that included a lengthy quote from its exhibit) in which it granted the petition as to Blaize and extended the existing requirement for supervised visitation. Respondent appeals.

We reverse as to Blaize. "Family Court is authorized to make successive extensions of supervision 'upon a hearing and for good cause shown' " (*Matter of Caleb L.*, 289 AD2d 902, 902 [2001], quoting Family Ct Act § 1054 [b]), and we generally do not disturb such an extension "unless it lacks a sound basis in the record" (*Matter of Amanda WW.*, 43 AD3d 1256, 1257 [2007] [internal quotation marks and citation omitted]; *see Matter of Blaize F.*, 64 AD3d at 937). Here, all the witnesses and all the parties supported unsupervised visitation. Petitioner acknowledged that it should not have even brought the proceeding as to Blaize and agreed with respondent that the petition should be dismissed. Family Court's production of its own exhibit and then relying thereon in disregard to every witness and all the parties was improper (*see generally People v Arnold*, 98 NY2d 63, 67-69 [2002]). The court's determination that the witnesses were unreliable and lacked credibility—one of whom it had characterized in an earlier matter involving these parties as "credible and highly reliable"—is unsupported by the record. Finally, we note that the attorney for Blaize has submitted a passionate plea on behalf of the child—now a six-foot-tall teenager—expressing "terrible frustration" with the limitations imposed and imploring that the petition be dismissed so that he can spend meaningful time with his father. Since the record does not contain a sound or substantial basis supporting the petition and further reveals that Family Court acted arbitrarily, we agree that the petition as to Blaize must be dismissed.

Spain, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as granted the petition with respect to Blaize F.; petition dismissed as to Blaize F.; and, as so modified, affirmed.