■ In the Matter of TODD NN., a Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TODD OO., Appellant. (And Another Related Proceeding.) [904 NYS2d 588]—

---

Appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered January 27, 2010, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 10-A, to extend placement of respondent's children.

Respondent is the father of two children (born in 2004 and in 2006). In July 2009, Family Court issued an order of disposition adjudicating them to be neglected due to, among other things, respondent's substance abuse. The children were placed in the temporary custody of petitioner. Family Court also issued an order of protection which, among other things, required respondent to undergo drug testing and prohibited him from purchasing, possessing or consuming alcoholic beverages. Thereafter, respondent was found to be in willful violation of the court's orders due to his failure to submit to certain drug tests and his use of various drugs. As a result, he was sentenced to 90 days in jail. In January 2010, Family Court held a permanency hearing to determine if the placement of the children should be extended. At the conclusion of the hearing, the court issued orders extending the children's placement until the next permanency hearing on July 8, 2010, as well as orders of protection consistent therewith. One condition of the orders, imposed by the court sua sponte, was that respondent be fitted with a Secure Continuous Remote Alcohol Monitoring (hereinafter SCRAM) device and that a SCRAM monitoring system be installed in his home. Respondent appeals from those parts of the permanency hearing orders that imposed this condition.*

Respondent argues that Family Court abused its discretion in imposing the requirement that he wear a SCRAM device. Based upon our review of the record, we must agree. While Family Court has considerable discretion to impose conditions of behavior in connection with its orders involving the placement of children, such conditions must be reasonable and necessary to promote the best interests of the children (see Matter of Naricia Y., 61 AD3d 1048, 1049 [2009]; Matter of Joyce SS., 234 AD2d 797, 800 [1996]). Here, the children were initially removed from respondent's care due to his substance abuse. His subsequent violation of the court's orders was based upon his

---

* Petitioner has declined to file an opposing brief "[g]iven that the limited issue raised by this appeal was not an issue supported by [petitioner] at the Family Court."

failure to submit to certain drug tests and his admitted use of marihuana, oxycodone, oxymorphone and cocaine. There is nothing in the record before us establishing that respondent abused alcohol or was diagnosed as an alcoholic. Although the order of protection accompanying the order of disposition contained the generic provision that he not purchase, possess or consume alcohol, there is no indication that, between the date of the disposition and the permanency hearing, he violated this provision. Likewise, there is nothing in the record to explain why, at the conclusion of the permanency hearing, Family Court imposed upon respondent the more onerous condition that he wear a SCRAM device rather than continue the generic alcohol prohibition contained in the initial order of protection. In view of this, we cannot conclude that the imposition of such condition was reasonable or in the best interests of the children under the circumstances presented here. Therefore, the orders must be modified accordingly.

Cardona, P.J., Mercure, Spain, Malone Jr. and McCarthy, JJ., concur. Ordered the orders are modified, on the law, without costs, by deleting those portions thereof as required that a Secure Continuous Remote Alcohol Monitoring device be installed and utilized by respondent, and, as so modified, affirmed.