■ In the Matter of LAUREN L. and Another, Permanently Neglected Children. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CASSI M., Appellant. [912 NYS2d 732]—

Lahtinen, J. Appeal from four orders of the Family Court of Clinton County (Lawliss, J.), entered January 15, 2010, which, among other things, in a proceeding pursuant to Family Ct Act article 10-A, conditionally terminated petitioner's placement of the subject children.

The primary issue on appeal is whether Family Court abused its discretion or otherwise erred in including as a condition for the return of respondent's two daughters (born in 1998 and 2000) to her custody a requirement that she relocate to Clinton County, where the children had resided most of their lives. Relevant portions of some of the extensive prior proceedings are outlined in our earlier decisions (see Matter of Andrew L., 64 AD3d 915, 916-917 [2009]; see also Matter of Andrew L. [Cassi M.], 68 AD3d 1477, 1478 [2009]). Briefly stated, the children lived in Clinton County from birth until 2003, when they went with respondent to Connecticut for two years. They returned to Clinton County in 2005 to live with their father, he was found in 2007 to have neglected them, he surrendered his parental rights, and the children have been in foster care in Clinton County since 2007. In the meantime, respondent moved from Connecticut to two separate residences in Florida and then two locations in Vermont.

In 2008, respondent was found to have permanently neglected the children, a suspended judgment was entered and, thereafter, by all accounts, respondent started making progress toward reunification. Following a permanency hearing, Family Court issued orders in July 2009 continuing the children in petitioner's custody because, in part, respondent refused to reside in Clinton County.* After another permanency hearing in December 2009, Family Court issued the orders on appeal in which it, among other things, ordered that the children be returned to respondent's custody provided that she relocate to Clinton County. Family Court set forth in detail its reasons for including such a provision. Respondent appeals.

Preliminarily, although respondent relocated to Clinton County after filing her notice of appeal and the children are now in her custody, this appeal is not—as argued by the attorney for the children—moot. The orders are still in effect. The fact that respondent complied with the disputed condition to gain custody of her children does not foreclose her from contest-

---

* The July 23, 2009 orders of Family Court are the subject of a separate appeal that was heard at the same time as the instant appeal (Matter of Lauren L. [Cassi M.], 79 AD3d 1172 [2010] [decided herewith]).

ing the legality of a condition which still impacts her (*see generally Matter of Mahogany Z. [Wayne O.]*, 72 AD3d 1171, 1172 [2010], *lv denied* 14 NY3d 714 [2010]; *Matter of James U.*, 55 AD3d 972, 972 [2008]).

Next, we turn to respondent's contention that Family Court abused its discretion by requiring her to relocate to Clinton County to gain custody of her children. Family Court is accorded considerable discretion in crafting conditions that advance the best interests of the children (*see Matter of Catherine P.*, 269 AD2d 702, 703 [2000], *lv denied* 95 NY2d 751 [2000]; *see also Matter of Todd NN. [Todd OO.]*, 75 AD3d 813, 814 [2010]). Some of the many reasons set forth by Family Court supporting its relocation condition included: petitioner's caseworkers had lengthy relationships with the children as well as respondent, and they had knowledge of the extensive and troubled history of the case; the children were in beneficial counseling relationships and that counseling, together with payment therefor, would continue uninterrupted if they remained in Clinton County; the children were in the midst of an academic year and should remain in the same school, particularly since the school they were attending had been exceptionally attentive to and supportive of the children's unique and difficult situation; and remaining in Clinton County kept the children in closer proximity to their other sibling, with whom they had a meaningful relationship. The court also noted the following factors: respondent had lived in many locations in several different states, whereas the children had lived all but two years (2003-2005) in Clinton County; respondent did not have a job in Vermont and there was no need to remain in Vermont for her current husband's employment since he is in the military and deployed overseas; and respondent's children by her current husband were not yet old enough to be in school in Vermont. There is a sound basis in the record supporting Family Court's reasons for requiring respondent to move to Clinton County to gain custody of the children, and we are unpersuaded that the court abused its discretion.

Family Court's decision did not run afoul of the constitutional right to travel. "State action forcing a citizen to choose between exercising his or her fundamental right to travel and another constitutionally protected right violates the right to travel unless it is justified by a compelling state interest" (*Bartosz v Jones*, 146 Idaho 449, 462, 197 P3d 310, 323 [2008]; *see Dunn v Blumstein*, 405 US 330, 342 [1972]). The state has a compelling interest in seeking the best interests for children who come into its custody and spend years in foster care. Here, the children

had been neglected and surrendered by their father and neglected for many years by respondent. Nonetheless, the children had made positive progress in their lives with concerted efforts being made at considerable expense by governmental agencies. There were ample reasons for requiring respondent, if she wanted to regain custody, to come to a location where the children had lived most of their lives, had some stability, had been making progress and had a support network already in place.

Finally, Family Court did not err in electing not to utilize the Interstate Compact on the Placement of Children (*see* Social Services Law § 374-a). There was no need to use the procedures provided in that statute since the court decided—and the record supports—that it was in the best interests of the children to keep them in Clinton County at least for a while to ascertain whether the efforts at reuniting them with respondent would be successful.

Rose, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.