■ In the Matter of HELEN HUEHN, Appellant, v BRUCE HUEHN, Respondent. — Appeal from an order of the Family Court of Chenango County (Ingraham, J.), entered December 7, 1983, which awarded custody of the parties' two children to respondent. ¶ Following a trial on the issues raised by the parties' applications for custody of their two children, Family Court awarded custody to respondent based upon its concerns for the welfare of the two children in the event petitioner suffers additional psychotic episodes as a result of her mental illness. There must be an affirmance. ¶ "It is familiar law that in a proceeding involving two natural parents custody is to be determined solely by what is in the best interest of the child and the disposition of the trial court should not be reversed in the absence of manifest error or an abuse of discretion" (*Martin v Martin,* 74 AD2d 419, 425 [citations omitted]). The proof establishes that petitioner is a devoted, loving and concerned parent. Except for some conflict as to the exact diagnosis, however, the proof also conclusively establishes that petitioner suffers from a mental illness which, in the past, has caused psychotic episodes rendering her unable to care for her children. The experts were in

agreement that while petitioner's condition had stabilized as result of drug therapy and counseling, there was no guarantee that future episodes would not occur, although petitioner presented some proof that the likelihood of such recurrence had diminished significantly in the absence of the stress caused by marital discord. In addition to reviewing this expert proof, Family Court had the opportunity to hear and observe the parties as they testified, and there is no proof that respondent is unfit, except for claims made by petitioner during some of her psychotic episodes, claims which are either wholly unsubstantiated or contrary to the proof in the record. In these circumstances, we see no manifest error or abuse of discretion in Family Court's award of custody to respondent, with liberal visitation rights to petitioner on appropriate conditions. ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.