officers' observation of what reasonably appeared to be a drug transaction, coupled with defendant's possession of a large quantity of cash including 42 $1 bills, 8 $5 bills, 10 $10 bills and 10 $20 bills, which were described as having been jammed into defendant's pocket in a haphazard fashion, were circumstances warranting an appropriate inference that defendant intended to sell the drugs found in her possession (*see People v Sosa*, 278 AD2d 135, *lv denied* 96 NY2d 835). There is no basis for disturbing the jury's determinations concerning credibility.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Andrias, Rosenberger, Friedman and Marlow, JJ.

■ A.U.G., Respondent, v J.G., Appellant. [750 NYS2d 857] —Order, Supreme Court, New York County (Richard Braun, J.), entered November 8, 2001, which, in an action for divorce, after a hearing, issued a temporary order of protection directing that defendant stay away from plaintiff and the marital residence and that his visitation with the parties' children be supervised, and granting plaintiff exclusive use and occupancy of the marital residence, unanimously affirmed, without costs.

Supreme Court properly granted a temporary order of protection upon findings, supported by a preponderance of the evidence adduced at the hearing, that defendant raped plaintiff in their home near where the parties' infant children slept (Domestic Relations Law § 240 [1] [a]; [3]; § 252 [1] [c]). No basis exists to disturb the hearing court's credibility findings (*see Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946, 947). Plaintiff's claim was corroborated in part by the testimony of two witnesses that plaintiff told them about the rape the day it occurred, the hospital report indicating vaginal trauma and expert testimony that plaintiff's four-day delay in reporting the incident to the police and seeking medical treatment was not unusual due to typical feelings of shame, victimization and helplessness. Nor is there merit to defendant's claim that the hearing was not sufficiently plenary on the custody and visitation issues. Plaintiff's application sought a change in visitation, not custody. This Court notes that plaintiff had recently been awarded temporary custody of the children based on her motion papers which provided defendant with adequate notice that she was seeking protection for the children as well as for herself. Moreover, defendant was alerted during the hearing on that motion that the court was considering supervised visitation. Indeed, plaintiff's credited testimony that defendant raped her near where the children were sleeping provided more

than a sufficient basis for the direction that defendant's visitation be supervised (*see* Domestic Relations Law § 240 [1] [a]). We have considered defendant's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Rosenberger, Friedman and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS VALENTIN, Appellant. [750 NYS2d 856] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered November 19, 1999, convicting defendant, after a jury trial, of sodomy in the first degree, and sentencing him to a term of 12½ to 25 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94). Defendant's theory that the victim's nine-year-old brother may have been the actual perpetrator of this sodomy is unsupported by the evidence.

The court's limited participation in the examination of witnesses did not deprive defendant of a fair trial. The court sparingly exercised its power to clarify testimony and did not in any way convey to the jury that it had an opinion on the merits (*see People v Moulton*, 43 NY2d 944).

The court's curative actions prevented defendant from being prejudiced by a detective's unresponsive answer to a question posed on cross-examination, in which the detective revealed the substance of a conversation with the victim (*see People v Santiago*, 52 NY2d 865).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Rosenberger, Friedman and Marlow, JJ.

■ MERRILL/NEW YORK COMPANY, Respondent, v CELERITY SYSTEMS, INC., Appellant. [752 NYS2d 301] —Order, Supreme Court, New York County (Louis York, J.), entered February 28, 2002, which denied defendant's motion to vacate a default judgment, unanimously affirmed, without costs.

Defendant fails to show a meritorious defense, rendering its showing of a reasonable excuse for the default academic (*see Crespo v A.D.A. Mgt.*, 292 AD2d 5, 10). The default judgment was granted upon defendant's failure to appear for oral argument of plaintiff's motion for summary judgment on its cause of action for account stated. In that motion plaintiff made a prima facie showing that nine invoices, annexed to its complaint and itemizing various financial printing services in accordance with CPLR 3016 (f), were sent to defendant over the course of more than a year and never disputed. Defendant's