McCarthy, J.
Appeals (1) from an order of the Family Court of Essex County (Meyer, J.), entered August 23, 2011, which, in a proceeding pursuant to Family Ct Act article 8, granted respondent’s motion to dismiss the petition, and (2) from a corrected order of said court, entered September 6, 2011, which, among other things, partially granted respondent’s application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties’ children.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the married parents of a son (born in 2001) and a daughter (born in 2002). In January 2011, the mother moved out of the marital residence without the children and moved into an apartment in a different school district. Several months later, she commenced the first of these proceedings seeking custody of the children. The father cross-petitioned for sole custody. The mother then commenced the third of these proceedings, alleging a family offense in that the father yelled and screamed at her when picking up the children pursuant to the temporary order of custody. At the end of the mother’s testimony, Family Court granted the father’s motion to dismiss the family offense petition. At the conclusion of the hearing, the court awarded the parties joint legal custody, with primary physical custody to the father and a liberal schedule of visitation to the mother. The mother appeals.
Family Court properly dismissed the family offense petition due to insufficient proof. The mother bore the burden of proving a family offense by “a fair preponderance of the evidence” (Family Ct Act § 832). She alleged that the father committed harassment in the second degree, which required proof that he, “with intent to harass, annoy or alarm [her,] . . . engage [d] in a course of conduct or repeatedly committed] acts which alarm[ed] or seriously annoy[ed her] and which serve[d] no legitimate purpose” (Penal Law § 240.26 [3]). The mother testified that each time the father came to pick up the children, a total of four or five times, he yelled and screamed at her. Her testimony was fairly vague, stating that he would talk about the evidence he had for court on the custody dispute and that she was not going to get the children, and how this was stressful and upsetting to her. This generalized testimony was insufficient to prove that the father intended to harass or alarm her, that he engaged in a course of conduct that alarmed or seriously *937 annoyed her or that his actions served no legitimate purpose (see Matter of Charles E. v Frank E., 72 AD3d 1439,1441 [2010]; compare Matter of Chadwick F. v Hilda G., 77 AD3d 1093, 1094 [2010], lv denied 16 NY3d 703 [2011]). Hence, the court properly dismissed the family offense petition.
Family Court’s determination to grant primary physical custody to the father has a sound and substantial basis in the record. The court noted that each parent would foster a relationship with the other parent, although the mother did denigrate the father by telling the children that she left the home due to his verbal abuse and he would not let her return. The father spends time on his race car hobby and the mother previously was a frequent marihuana user, but the court found that these circumstances did not render either parent unfit. The mother did place her own interests above those of the children, as evidenced by her moving from the home without them and selecting an apartment in a different school district. Despite enrolling the children in her local school district, she testified that she believed that they should remain in their school, yet she had no realistic plan of how to get them to that school or pick them up around her work schedule. The mother’s work schedule changed each week and she had very limited resources to care for the children. The father had a consistent work schedule, his mother watched the children before school and his sister watched them after school. The father offered the children more stability, allowing them to continue to live on the same property where they had lived for most of their lives and to attend the school where they were doing well and had friends. Giving “deference to Family Court’s ability to observe the witnesses and assess their credibility,” we agree with the court’s determination that awarding primary physical custody to the father is in the children’s best interests (Matter of Rundall v Rundall, 86 AD3d 700, 701 [2011]; see Matter of Siler v Wright, 64 AD3d 926, 928-929 [2009]).
Rose, J.P., Spain and Stein, JJ., concur. Ordered that the order and corrected order are affirmed, without costs.