■ Jennifer JJ., Appellant, v Scott KK., Respondent. [985 NYS2d 316]—

Egan Jr., J. Appeal from an order of the Supreme Court (Crowell, J.), entered September 20, 2013 in Saratoga County, which, at the close of plaintiff's case, granted defendant's motion to dismiss plaintiff's application for, among other things, an order of protection.

Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2005 and have a daughter and a son (born in 2007 and 2010, respectively). In July 2013, the wife commenced this action for divorce and, shortly thereafter, moved by order to show cause seeking, among other things, temporary exclusive use and occupancy of the marital residence and a stay-away order of protection against the husband. The husband answered and opposed the requested relief. At the start of the hearing held on the wife's application in August 2013, the husband moved to dismiss that portion of the order to show cause seeking temporary exclusive use and occupancy of the marital residence and an order of protection, and Supreme Court reserved decision. After the wife presented her proof, which consisted entirely of her testimony, the husband renewed his motion. Supreme Court took a brief recess and, without ascertaining—at least on the face of the record—whether the husband intended to offer any proof, granted the husband's motion and, among other things, denied the wife the requested order of protection. This appeal by the wife ensued.[1]

Supreme Court is authorized to issue an order of protection in any matrimonial action subject to the provisions of Domestic Relations Law § 240—including a stay-away order of protection (*see* Domestic Relations Law § 240 [3] [a] [1]). As Domestic Relations Law § 240 does not delineate the precise standards or procedures governing the issuance of such an order, it is appropriate to look to Family Ct Act article 8 for guidance (*see* Alan D. Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C240:30; *see generally A.U.G. v J.G.*, 300 AD2d 205, 205 [2002]). In this regard, the party seeking an order of protection bears the burden of establishing—"by a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Shana SS. v Jeremy TT.*, 111 AD3d 1090, 1091 [2013], *lv denied* 22 NY3d 862 [2014])—that the offending party committed one of certain enumerated family offenses (*see* Family Ct Act §§ 812 [1]; 821 [1] [a]).

Although the wife admittedly did not specify a particular family offense in the affidavit accompanying her order to show cause, the proof adduced at the hearing is—at the very least—sufficient to make out a prima facie case of the family offense of harassment in the second degree (*see* Family Ct Act §§ 812 [1]; 821 [1] [a]; Penal Law § 240.26). "A person is guilty of harass-

---

1. Although Supreme Court also denied the wife's application for temporary exclusive use and occupancy of the marital residence, the wife has not briefed this issue on appeal, and we therefore deem any argument in this regard to be abandoned (*see Kumar v Kumar*, 96 AD3d 1323, 1324 n 2 [2012]).

ment in the second degree when, with intent to harass, annoy or alarm another person . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]). Notably, the intent element "may be inferred from the surrounding circumstances" (*Matter of Melissa K. v Brian K.*, 72 AD3d 1129, 1133 [2010]; *see Matter of Shana SS. v Jeremy TT.*, 111 AD3d at 1091; *Matter of Christina LL.*, 233 AD2d 705, 709 [1996], *lv denied* 89 NY2d 812 [1997]).

Here, the wife testified to five specific incidents wherein the husband either shoved or verbally or physically threatened her. In early 2011, the wife testified, the husband "shoved [her] hard against the refrigerator [in their kitchen] and [she] hit [her] head," after which "he grabbed [her] by [her] wrists and held [her] there." On the evening following this incident, the husband "shoved [the wife] against the wall and [she] hit [her] head again," prompting her to knee him in the groin. In response, the husband grabbed the wife's wrists and inquired, "You want to get hit or something?" The wife further testified that, in February 2013, while the children were sleeping in the marital residence, the husband followed her into a bathroom, blocked the doorway, raised his fist and—while standing only "a few inches from [the wife's] face"—asked, "You want to get punched?" Two months later, in April 2013, the husband stated to the wife, "I don't want a divorce. . . . I would kill you before divorcing you." Finally, in July 2013, the husband again threatened, "There will be no divorce. I'm just going to kill you. . . . Do you understand? I'm just going to kill you."

In evaluating the husband's motion made at the close of the wife's proof, Supreme Court was required to view the facts "in the light most favorable to [the wife], accept[ ] her proof as true and afford[ ] her every favorable inference that reasonably could be drawn therefrom" (*Matter of Mineo v Mineo*, 96 AD3d 1617, 1618 [2012] [internal quotation marks and citation omitted]). Applying that standard to the proof presented here, it is apparent that the wife made a prima facie showing—sufficient to survive the underlying motion—that the husband committed the family offense of harassment in the second degree (*see Matter of Melissa K. v Brian K.*, 72 AD3d at 1133; *cf. Matter of Shana SS. v Jeremy TT.*, 111 AD3d at 1091-1092; *Matter of Amber JJ. v Michael KK.*, 82 AD3d 1558, 1559-1560 [2011]; *compare Matter of Christina MM. v George MM.*, 103 AD3d 935, 936-937 [2013]; *Matter of Charles E. v Frank E.*, 72 AD3d 1439, 1441 [2010]). Supreme Court therefore erred in granting the husband's motion at that stage of the proceeding. Rather,

Supreme Court should have continued the hearing, heard whatever proof, if any, the husband had to offer and then—and only then—made a credibility assessment based upon all of the proof. Accordingly, this matter is remitted to Supreme Court for a new hearing (*compare Matter of Mineo v Mineo*, 96 AD3d at 1618).[2]

Stein, J.P., McCarthy and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's application for an order of protection; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

2. The wife acknowledges in her reply brief that this matter has been reassigned to another Supreme Court Justice and, therefore, her request for such relief is now moot.