# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 7, 2016                    519760
_____

In the Matter of ROBERT Q.,
                    Appellant,

        v

MIRANDA Q.,
                    Respondent.

(Proceeding No. 1.)
_____         MEMORANDUM AND ORDER

In the Matter of MIRANDA Q.,
                    Respondent,

        v

ROBERT Q.,
                    Appellant.

(Proceeding No. 2.)

(And Another Related Proceeding.)
_____


Calendar Date:  February 8, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

                    _____


        Andrea J. Mooney, Ithaca, for appellant.

        Margaret McCarthy, Ithaca, for respondent.

        Michelle E. Stone, Vestal, attorney for the child.

                    _____

Clark, J.

Appeals (1) from an order of the Family Court of Tioga County (Keene, J.), entered August 19, 2014, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 8, for an order of protection, and (2) from an order of said court, entered September 12, 2014, which, among other things, dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody.

Pursuant to a January 2014 order of custody and visitation, which was entered upon consent of the parties, Robert Q. (hereinafter the father) and Miranda Q. (hereinafter the mother) shared joint legal custody of their son (born in 2011), with the mother having primary physical custody and the father having supervised parenting time one hour per week. In March 2014, the father commenced a modification proceeding seeking, among other things, increased parenting time with the child, and the mother commenced a family offense proceeding seeking an order of protection against the father. Family Court subsequently issued a temporary order of protection against the father in favor of the mother and the child and temporarily suspended the father's parenting time with the child. Shortly thereafter, the attorney for the child filed a petition on behalf of the child seeking to modify the January 2014 order of custody and visitation by awarding the mother sole custody and suspending the father's parenting time until he underwent a mental health evaluation and successfully completed an anger management course. Following a combined fact-finding hearing, Family Court, among other things, issued an order of protection in favor of the mother, granted the mother's family offense petition and the attorney for the child's modification petition, awarded the mother sole legal and primary physical custody, with one hour of supervised parenting time to the father each week, and dismissed the father's modification petition on the basis that an increase in his parenting time was not in the child's best interests. The father appeals from both the order of protection and the order of custody and visitation.

At the outset, although the order of protection has expired by its own terms, the father's appeal from that order is not moot

given that the finding that he committed a family offense has "'enduring consequences'" and that he has separately appealed from the order granting the mother's family offense petition (Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1165 [2015], appeal dismissed 26 NY3d 998 [2015], quoting Matter of Sasha R. v Alberto A., 127 AD3d 567, 567 [2015]; see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]). Turning to the merits, the petitioner in a family offense proceeding bears the burden of establishing, "by a fair preponderance of the evidence," that the respondent committed a family offense (Family Ct Act § 832; see Jennifer JJ. v Scott KK., 117 AD3d 1158, 1159 [2014]; Matter of Christina MM. v George MM., 103 AD3d 935, 936 [2013]). Where, as here, Family Court concludes that the respondent committed a family offense, but fails to identify the particular offense, this Court may independently review the record to determine whether the evidence supports Family Court's finding (see Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [2015]; Matter of Christina KK. v Kathleen LL., 119 AD3d 1000, 1001-1002 [2014]).

Here, the child's maternal aunt and the mother each testified that the father made repeated threats towards the mother, including one incident in which the father threatened to kill the mother by gesturing that he would slit her throat. The maternal aunt also testified that, in the course of one day, the father sent dozens of text messages to her regarding the mother and the child, many of which were photographed and admitted into evidence. The mother testified that she saw these text messages and was scared by them. Although the father denied that he ever threatened to kill the mother or that he sent the text messages to the maternal aunt, Family Court discredited that testimony in favor of testimony given by the mother and the maternal aunt. In view of the foregoing, and according due deference to Family Court's factual findings and credibility assessments (see Matter of Shana SS. v Jeremy TT., 111 AD3d 1090, 1091 [2013], lv denied 22 NY3d 862 [2014]; Matter of John O. v Michele O., 103 AD3d 939, 940 [2013]), we are satisfied that there was sufficient evidence to support a finding by a fair preponderance of the evidence that the father committed the family offense of harassment in the second degree against the mother (see Matter of Vanita UU. V Mahender VV., 130 AD3d at 1165; Matter of John O. v Michele O.,

103 AD3d at 940-941).

As to the modification petitions, an order of custody and visitation may be modified only if there is a change in circumstances that warrants an inquiry into whether the best interests of the child would be served by modifying the existing custody arrangement (see Matter of Schlegel v Kropf, 132 AD3d 1181, 1182 [2015]; Matter of Dumond v Ingraham, 129 AD3d 1131, 1132 [2015]; Matter of Opalka v Skinner, 81 AD3d 1005, 1005 [2011]). Once this threshold requirement is satisfied, the court must determine whether modification of the existing order is necessary to promote the best interests of the child, an inquiry which involves examination of various factors, including the ability of the parents to maintain stability in the child's life, their past performance and their "relative fitness and ability to provide for and guide the child[]'s intellectual and emotional development" (Matter of Siler v Wright, 64 AD3d 926, 928 [2009]; see Matter of Gerber v Gerber, 133 AD3d 1133, 1136 [2015], lv denied ___ NY3d ___ [Mar. 31, 2016]; Matter of Lilly NN. v Jerry OO., 134 AD3d 1312, 1313 [2015]). Here, in addition to the threatening text messages, the record reflects that, in the months leading up to the hearing, the mother and the father did not agree on the services that were required to address the child's developmental delays. Specifically, the testimony adduced at the hearing, as credited by Family Court, revealed that the father did not want the child to be treated by speech, occupational or physical therapists, attempted on several occasions to discontinue those services and thwarted the mother's efforts to have the child examined by a neurologist for his seizures. Importantly, while the father asserted that he would address his anger management issues and was willing to work with the mother for the good of the child, the mother testified that she and the father had repeatedly tried, to no avail, to cooperate on parenting issues and that she did not believe that they would be able to work together in the near future. Under these circumstances, Family Court properly determined that there had been a change in circumstances warranting a best interests inquiry (see Matter of Zahuranec v Zahuranec, 132 AD3d 1175, 1176 [2015]; Heather B. v Daniel B., 125 AD3d 1157, 1159-1160 [2015]; Matter of Ingersoll v Platt, 72 AD3d 1560, 1561 [2010]).

Turning to the best interests analysis, the testimony presented at the hearing established that the father threatened to kill the mother in December 2013,[1] continually sought to discontinue the child's early intervention services, canceled the child's appointments with a neurologist on three occasions and, as a result of a concerning comment he made to the Tioga County Health Department's Director of Children with Special Services, caused an extended lapse in the child's treatment. Notably, the father's comment suggested that he may have violated the temporary order of protection. While the child's service providers could not state with certainty that the lapse in treatment had caused the child to regress, several providers testified that regression often occurs when there is an extended gap in treatment, that early intervention services are most successful when provided in the home environment and that the father's conduct ultimately caused the child to transition to preschool earlier than recommended. Furthermore, by his own admissions and as demonstrated by his conduct, the father has struggled with controlling his anger and, at the time of the hearing, had not made any significant strides in addressing that shortcoming. In contrast, the evidence revealed that the mother supported and encouraged the child's development in all areas and was committed to ensuring that his medical, emotional and educational needs were met and that the child had made "remarkable" progress while in her care. For these reasons, we conclude that there was a sound and substantial basis in the record to support Family Court's conclusion that the child's best interests would be promoted by granting the attorney for the child's modification petition and awarding sole legal custody to the mother, but not by granting the father's request for

_____

[1] While this incident preceded the entry of the prior order of custody and visitation, we may, contrary to the father's contentions, nonetheless consider it in the context of our best interests inquiry since the prior order was entered upon consent and such inquiry "may include . . . facts that give the court a view of the totality of the circumstances and family dynamics, including proof that relates to either party's fitness as a parent" (Matter of Smith v O'Donnell, 107 AD3d 1311, 1312 [2013]; see Matter of Tyler D., 64 AD3d 1243, 1244 [2010]).

increased parenting time (see Matter of Tod ZZ. v Paula ZZ., 113 AD3d 1005, 1006-1007 [2014]; Matter of Miller v Orbaker, 17 AD3d 1145, 1146 [2005], lv denied 5 NY3d 714 [2005]).

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur.


ORDERED that the orders are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court