## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  June 2, 2016                    521050
_____

In the Matter of ANDREW L.,
                    Respondent,

          v                                MEMORANDUM AND ORDER

MICHELLE M.,
                    Appellant.
_____

Calendar Date:  April 27, 2016

Before:  Peters, P.J., Lahtinen, Garry, Clark and Mulvey, JJ.

_____

          Alena Van Tull, Binghamton, for appellant.

          Jessica C. Eggleston, Johnson City, for respondent.

          Pamela B. Bleiwas, Ithaca, attorney for the children.

_____

Mulvey, J.

          Appeal from an order of the Family Court of Broome County, (Connerton, J.), entered April 29, 2015, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

          Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2000 and 2004).  In April 2012, by stipulated order, the parties had joint legal custody of the children, with physical custody to the mother and specified periods of visitation to the father.  In March 2014, the father commenced this proceeding to modify that order, seeking primary physical custody of the children based on the allegation that the mother was hospitalized for psychiatric treatment.  Family Court granted a temporary order of physical

custody to the father, pending a hearing on his petition. Following a trial, Family Court granted the modification petition by awarding the father primary physical custody, with specified periods of unsupervised visitation to the mother; joint legal custody was continued. The mother appeals.

The mother's main contention on appeal is that Family Court erred in finding that the father had demonstrated a change in circumstances since the prior order sufficient to warrant a best interests analysis. The father contends that the mother's mental health episode in March 2014, which required the children to live with him, constituted a change in circumstances, and that it was in the best interests of the children for him to have physical custody. The attorney for the children contends that the mother's mental health deterioration constituted a change in circumstances and, now that the children are settled into living with the father, it would be in their best interests not to uproot them.

In a custody modification proceeding, "the party seeking to modify an existing custodial arrangement . . . [is] required to demonstrate, as a threshold, that there has been a change in circumstances since the prior custody order . . . to warrant a review of the issue of custody to ensure the continued best interests of the children" (Matter of Harrell v Fox, 137 AD3d 1352, 1354 [2016] [internal quotation marks and citations omitted]; see Matter of Hill v Dean, 135 AD3d 990, 994 [2016]). "The threshold change in circumstances must be met even where, as here, the parties stipulated to a custodial order" (Matter of Bush v Miller, 136 AD3d 1238, 1239 [2016] [citation omitted]). If this threshold is met, "[f]actors relevant to determining whether a modification will serve the child[ren]'s best interests include 'maintaining stability in [the children's lives], the quality of the respective home environments, the length of time the present custody arrangement has been in place, each parent's past performance, relative fitness and ability to guide and provide for [the children's] well-being, and the willingness of each parent to foster a relationship with the other parent'" (Matter of Hrostowski v Micha, 132 AD3d 1103, 1105 [2015], quoting Matter of Clouse v Clouse, 110 AD3d 1181, 1183 [2013], lv denied 22 NY3d 858 [2014]). "We accord great deference to Family

Court's factual findings and credibility determinations given its superior position to observe and assess the witnesses' testimony and demeanor firsthand, and will not disturb its custodial determination if supported by a sound and substantial basis in the record" (Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1515 [2015] [citations omitted]).

We find that the mother's mental health issues since the prior order — which caused her to be absent for an extended period of time and caused a significant upheaval in the children's lives — constitute a change in circumstances warranting a review of the custody agreement (see Matter of LaRussa v Williams, 114 AD3d 1052, 1053 [2014]; Matter of Diffin v Towne, 47 AD3d 988, 990-991 [2008], lv denied 10 NY3d 710 [2008]; Matter of Sloand v Sloand, 30 AD3d 784, 785 [2006]; Matter of Kamholtz v Kovary, 210 AD2d 813, 814 [1994]). Turning to the best interests analysis, although the mother claimed that the father interfered with her visitation, a claim which the father contradicted, Family Court made no such factual finding. Although the mother presented evidence that she did not present a risk of harming herself or her children and that her mental condition had stabilized, there was no evidence of her ability to resume the responsibilities of primary custodian (see Matter of Huehn v Huehn, 103 AD2d 884, 884-885 [1984]). Family Court properly considered the stability of the father's home and the disruption to the children's lives if the father were not awarded primary physical custody (see Matter of Diffin v Towne, 47 AD3d at 991; Matter of Gitchell v Gitchell, 165 AD2d 890, 895 [1990]). Based on the foregoing, we find that there was a sound and substantial basis in the record to support Family Court's determination to award primary physical custody of the children to the father. We have examined the mother's remaining contentions, including those related to transportation for visitation, and find them unpersuasive.

Peters, P.J., Lahtinen, Garry and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court