*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 8, 2016                    521194
_____

In the Matter of ANDREW S.,
                    Respondent,

        v                                MEMORANDUM AND ORDER

ROBIN T.,
                    Appellant.
_____

Calendar Date:  October 13, 2016

Before:  Garry, J.P., Egan Jr., Rose, Devine and Mulvey, JJ.

_____

        Norbert Higgins, Binghamton, for appellant.

        Christopher A. Pogson, Binghamton, for respondent.

        Palmer J. Pelella, Binghamton, attorney for the children.

_____

Mulvey, J.

        Appeal from an order of the Family Court of Broome County (Connerton, J.), entered April 29, 2015, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 2001, 2005 and 2009).  The mother and the father separated in 2009 and divorced in 2013.  Pursuant to an April 2010 custody and visitation order, the parties shared joint custody of the children, with the children residing primarily at the mother's home.  The father was granted regular visitation with all three children on alternate weekends and over certain school breaks.

In November 2014, the Broome County Child Protective Services (hereinafter CPS) began investigating a report that the mother and her boyfriend had hit one of the children. The father then filed a petition for modification of the existing custody order. Family Court entered a temporary order transferring the children's primary residence to the father's home, granting the mother visitation at the home of a relative and prohibiting any contact between the children and the boyfriend. Following fact-finding and Lincoln hearings, Family Court granted the father's petition for modification and awarded him custody of the children. The mother was granted alternate weekend visitation, provided that the visits occur outside the presence of the boyfriend. The mother now appeals, and we affirm.

"In a custody modification proceeding, the party seeking to modify an existing custodial arrangement . . . is required to demonstrate, as a threshold, that there has been a change in circumstances since the prior custody order . . . to warrant a review of the issue of custody to ensure the continued best interests of the children" (Matter of Andrew L. v Michelle M., 140 AD3d 1240, 1241 [2016] [internal quotation marks, brackets and citations omitted]). "If this threshold is met, factors relevant to determining whether a modification will serve the children's best interests include maintaining stability in the children's lives, the quality of the respective home environments, the length of time the present custody arrangement has been in place, each parent's past performance, relative fitness and ability to guide and provide for the children's well-being, and the willingness of each parent to foster a relationship with the other parent" (id. at 1241 [internal quotation marks, brackets and citations omitted]; see Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1348-1349 [2014], lv dismissed and denied 24 NY3d 937 [2014]).

At the fact-finding hearing, it was established that prior to the November 2014 abuse report, CPS had issued two separate indicated reports against the boyfriend for using excessive force against the children. After the first report in May 2010, the boyfriend signed a safety contract promising not to use corporal punishment. Notwithstanding that commitment, in early 2014, another safety contract similarly prohibited the boyfriend from

physically disciplining the children.  The boyfriend incurred a second indicated report in March 2014, and CPS then asked the mother to keep the children away from him, and the mother did not follow CPS's instructions.  In November 2014, a report by the Central Register of Child Abuse and Maltreatment again alleged that both the boyfriend and the mother had hit the middle child, causing him to experience "suicidal ideations."  Ultimately, the investigation led to another indicated report against both the boyfriend and the mother for inadequate guardianship.  Additionally, an investigation ordered by Family Court pursuant to Family Ct Act § 1034 (hereinafter the 1034 report) produced "credible evidence" of inadequate guardianship due to excessive use of force.

The boyfriend testified and disputed these accounts.  He admitted to signing a safety contract, but denied ever engaging in corporal punishment.  He also denied responsibility for the May 2010 incident that led to the first indicated report against him.  The mother similarly denied any allegations of abuse and, according to the 1034 report, suggested that the children fabricated their accounts.  The mother testified that she never saw the boyfriend use corporal punishment, and that any contact with the children was mere "horseplay."  However, she offered conflicting testimony over whether the boyfriend ever disciplined the children and admitted to witnessing him grab the oldest child.

Family Court found that, since entry of the April 2010 visitation and custody order, the boyfriend had "hurt" the children, "left marks on them" and had used physical discipline, notwithstanding his agreement on prior occasions not to use physical force against the children and warnings by CPS regarding his inappropriate use of excessive force.  The CPS employee's testimony and the 1034 report provided detailed and generally consistent accounts of such punishment.  In contrast, both the boyfriend's and the mother's testimony was inconsistent and self-serving.  Family Court also found that the mother had consistently put her own interests ahead of the children's interests when it came to defending her boyfriend's actions.  A change in circumstances may be shown through evidence that the children have been subjected to excessive corporal punishment

(see Matter of Mary BB. v George CC., 141 AD3d 759, 761 [2016]; Matter of Terry I. v Barbara H., 69 AD3d 1146, 1147–1148 [2010]). Accordingly, we agree with Family Court that the evidence establishes that a change in circumstances had occurred to warrant a best interests analysis.

Turning to the best interests analysis, in awarding custody to the father, Family Court relied on the foregoing allegations of abuse, the father's ability to best meet the children's needs and his commitment to resolving visitation issues with the mother. In support of those conclusions, the father testified that he had obtained Medicaid coverage for the children and sought needed counseling referrals for the two older children. He claimed to be open to regular visitation with the mother, provided that the boyfriend not be present. The father has steady employment and lives with his mother, who helps care for the children. Family Court applied the relevant factors, including the quality of the home environments, each parent's ability to provide for the children's well-being and the father's willingness to foster a relationship with the mother. We "accord great deference to Family Court's factual findings and credibility determinations given its superior position to observe and assess the witnesses' testimony and demeanor firsthand, and will not disturb its custodial determination if supported by a sound and substantial basis in the record" (Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1515 [2015]; see Matter of Andrew L. v Michelle M., 140 AD3d at 1241). Family Court's conclusions were supported by a sound and substantial basis in the record, and, accordingly, a modification of the custody order was warranted (see Matter of Andrew L. v Michelle M., 140 AD3d at 1242; Matter of Paul A. v Shaundell LL., 117 AD3d at 1348-1349).

Garry, J.P., Egan Jr., Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court