State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 8, 2016                    522155
_____

TERRENCE GIBBS,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

RALPH PORATH et al.,
                    Appellants.
_____


Calendar Date:  October 12, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Mulvey, JJ.

                    _____


        Thomas H. McCann, Malone, for appellants.

        John A. Piasecki, Malone, for respondent.

                    _____


Lynch, J.

        Appeal from an order of the Supreme Court (Demarest, J.),
entered July 20, 2015 in Franklin County, upon a decision of the
court awarding damages to plaintiff.

        The facts of this case are set forth in detail in a prior
decision (121 AD3d 1210 [2014]) and are briefly summarized as
follows.  This action was commenced in August 2010 to resolve a
boundary line dispute between the owners of adjoining parcels
located in the Town of Chateaugay, Franklin County.  The disputed
area of property included two man-made ponds that are referenced
as the upper and lower ponds.  Plaintiff alleged that defendants
trespassed on his property and altered the upper pond and removed
trees at the lower pond.  After a nonjury trial in 2012, Supreme
Court determined that plaintiff owned the disputed area —
including the lower pond and part of the upper pond — and awarded
him damages in excess of $40,000.  On appeal, this Court affirmed

Supreme Court's determination with regard to the boundary line, but found that the damages award was improper because it failed to account for defendants' partial ownership of the upper pond and did not exclude the area of the lower pond from the area that needed to be reforested (id.).  Upon remittal, Supreme Court determined that plaintiff was entitled to damages in the amount of $39,823.35 for the reforestation and restoration of .116 acres in the vicinity of the lower pond and $2,155.68 for 25% of the cost of the repair of the upper pond.  Defendant appeals.

"[I]n reviewing a verdict after a nonjury trial, this Court may independently review the evidence and, while deferring to the trial court's credibility assessments, grant the judgment warranted by the evidence" (Shattuck v Laing, 124 AD3d 1016, 1017 [2015]; see St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth., 121 AD3d 1226, 1227 [2014], lv denied 25 NY3d 907 [2015]).  "The admissibility and scope of expert testimony is addressed to the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion or an error of law" (Pember v Carlson, 45 AD3d 1092, 1093 [2007] [internal quotation marks, brackets and citations omitted]).

We find ample support for Supreme Court's assessment of damages with respect to the lower pond.  As defined in our prior decision, the issue before the trial court was the cost to restore the area around the lower pond, excluding the area of the pond.  Upon remittal, Herbert Boyce, a consulting forester with 28 years of experience, opined that, based upon his observation of the "cleared area around the [lower] pond, along the surveyed line" and knowledge of the type of trees that grew in the area surrounding the lower pond, .116 acres would require reforestation by planting 107 "red maple, white birch, white pine [and] white cedar[]" trees.  Boyce explained that the acreage to be reforested was the area around the pond that had been cleared, but not the pond itself, which he calculated with a GPS to be an area of 625 square feet.  Boyce further determined that the density for the restoration work was based on the US Forest Service Timber Management Field Book and chose the species of trees based on what trees grow there naturally.

A plaintiff may claim damages for permanent injury to real property based on restoration costs for permanent injury (see Jenkins v Etlinger, 55 NY2d 35, 39 [1982]; Hartshorn v Chaddock, 135 NY 116, 121-122 [1892]; Prashant Enters. v State of New York, 228 AD2d 144, 148 [1996]). For defendants' part, Lon Haverstock, an excavator that defendants retained to clear the lower pond, offered conflicting testimony with regard to the nature of the work that he performed and the character of the vegetation in and around the area. Defendants did not offer any alternative means for calculating or reducing plaintiff's damages. Given the limited purpose of the second trial, we discern no error in Supreme Court's determination to credit the assessment by plaintiff's expert of the cost to restore the area surrounding the lower pond (see Dilapi v Empire Drilling & Blasting, Inc., 62 AD3d 936, 937 [2009]; Gross v Sandow, 5 AD3d 901, 903 [2004], lv dismissed and denied 3 NY3d 735 [2004]). However, we find that plaintiff's damages for the repair of the lower pond should be based on Boyce's 2012 cost estimate and, thus, it should be reduced to a total of $28,157.54[1] (see Prashant Enters. v State of New York, 228 AD2d at 147-148).

Turning to the upper pond, upon remittal, plaintiff submitted testimony by Aaron Stark, an excavator with experience constructing ponds. Stark testified that he inspected the upper pond in 2015. He repeated his prior assessment that the upper pond needed a new spillway and liner and added that, since the first trial, there had been additional erosion that needed repair. Nonetheless, Stark testified that the cost of the work would total $8,622.72, basically the same amount as in the first trial (see 121 AD3d at 1215). Defendants contend that plaintiff's expert erred by including the expense to repair the additional erosion and that Supreme Court should not have discredited the testimony of defendants' expert.

---

[1] We calculated this amount using the reduced number of trees proposed in the 2015 estimate, multiplied by the unit price per tree in Boyce's 2012 estimate, plus travel costs. Like Boyce, we added 50% of the adjusted cost of the trees for planting and applied 8% sales tax to the adjusted cost of materials.

We discern no abuse of discretion in Supreme Court's determination to credit Stark's testimony with regard to the cost of the repair work.  Stark provided an itemized estimate for the work that he opined was necessary.  Although defendants' expert testified that Stark's estimate was excessive and that he could have done the work for less, his testimony was largely hypothetical, inasmuch as it is not disputed that defendants' expert had retired and could not actually do the work at the cost he proposed.  Under the circumstances of this case, and because the narrow purpose of remittal was to allow Supreme Court to limit plaintiff's damages based upon his ownership interest in the pond, we modify Supreme Court's order and find that plaintiff is entitled to damages totaling 25% of the 2012 estimated cost to repair the upper pond, without regard to the additional erosion.  In light of this modification, the parties' remaining arguments have been rendered academic.

Peters, P.J., McCarthy, Rose and Mulvey, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff damages in the amount of $41,979.03; plaintiff is awarded damages in the amount of $28,157.54 to restore the .116 acres in the vicinity of the lower pond and $2,155.29 to repair the upper pond, for a total of $30,312.83; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court