*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                519680
_____

In the Matter of RICHARD L.
    COLVIN,
                        Respondent,

        v                                          MEMORANDUM AND ORDER

BRITTANY L. POLHAMUS,
                        Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  October 19, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Mulvey, JJ.

_____

        Michelle E. Stone, Vestal, for appellant.

        Mark Diamond, Albany, for respondent.

        Daniel D. Reynolds, Binghamton, attorney for the child.

_____

Mulvey, J.

        Appeal from an order of the Family Court of Broome County
(Pines, J.), entered August 18, 2014, which, among other things,
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a daughter (born in
2009).  In 2012, while both parties resided in Broome County, the
parties agreed to an order that provided joint legal custody and
a nearly equal sharing of physical custody of the child.  In
March 2014, the father filed a petition seeking primary physical

custody of the child and the mother filed a cross petition seeking similar relief.  After fact-finding and Lincoln hearings, Family Court, among other things, continued joint legal custody of the child, but awarded the father physical custody and limited the mother's parenting time to every other weekend.  The mother now appeals.  We affirm.

"In a custody modification proceeding, the party seeking to modify an existing custodial arrangement . . . is required to demonstrate, as a threshold, that there has been a change in circumstances since the prior custody order . . . to warrant a review of the issue of custody to ensure the continued best interests of the children" (Matter of Andrew L. v Michelle M., 140 AD3d 1240, 1241 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of Tyrel v Tyrel, 132 AD3d 1026, 1026 [2015]).  Here, the mother had relocated to Onondaga County, a distance of more than 55 miles from the father's residence, and the child was about to commence kindergarten and required a primary residence for school purposes.  Although not specifically addressed in Family Court's decision and order, the record supports a finding of "a change in circumstances that warrants an inquiry into whether the best interests of the child would be served by modifying the existing custody arrangement" (Matter of Robert Q. v Miranda Q., 138 AD3d 1174, 1176 [2016]), as Family Court found that the child was "ready for school and must reside primarily with one parent" (see Matter of Wilson v Hendrickson, 88 AD3d 1092, 1093-1094 [2011]).

Upon a finding of a change in circumstances, "[f]actors relevant to determining whether a modification will serve the child's best interests include maintaining stability in the child's life, the quality of the respective home environments, the length of time the present custody arrangement has been in place, each parent's past performance, relative fitness and ability to guide and provide for the child's well-being, and the willingness of each parent to foster a relationship with the other parent" (Matter of Hrostowski v Micha, 132 AD3d 1103, 1105 [2015] [internal quotation marks, brackets and citations omitted]; see Matter of Andrew L. v Michelle M., 140 AD3d at 1241).  The evidence adduced at the hearing showed that the mother had moved several times in recent years and that the home

she recently purchased with her fiancé in Onondaga County appeared to be in need of repair.  The father resides in a two-story house with his parents where both he and the child can have their own bedrooms.  The paternal grandmother testified that she is very close with the child and the child becomes distraught when leaving to go with the mother and her fiancé.

In contrast, the mother testified that the child and her fiancé have a "great" relationship and she has not observed the child exhibit the type of behavior alleged by the paternal grandmother.  The fiancé did not testify at the hearing, and Family Court noted that it was unknown how the fiancé felt towards the child or the mother's other young child.  Although the mother raised issues of suspected abuse by the father, a court-ordered investigation concluded that there were "no apparent concerns in either home."  The record reveals that Family Court fully considered and rejected this assertion.  Family Court further found that the father has "a strong support network in his parent's home and was perfectly adequate to the task of co-parenting the child" and that there was no evidence before it that residing primarily with the mother "would enhance [the child's] well[-]being financially, emotionally or educationally" (see Matter of Coleman v Millington, 140 AD3d 1245, 1247 [2016]; Matter of Bohigian v Johnson, 48 AD3d 904, 906 [2008]).

Great deference is accorded to Family Court's factual findings and credibility determinations, "given its advantageous position to evaluate conflicting testimony and assess the credibility of witnesses" (Matter of Williams v Rolf, 144 AD3d 1409, ___, 2016 NY Slip Op 07884, *4 [2016] [internal quotation marks and citations omitted]), and this Court will not disturb Family Court's custodial determination when supported by a sound and substantial basis in the record (see Matter of Robert Q. v Miranda Q., 138 AD3d at 1176; Matter of Barner v Hampton, 132 AD3d 1098, 1099 [2015]; Matter of Cowper v Vasquez, 121 AD3d at 1342 [2014], lv denied 24 NY3d 913 [2015]).  Based on the foregoing, including the record in its entirety, and according deference to Family Court's factual findings and credibility determinations, we find that granting primary physical custody to the father is supported by a sound and substantial basis in the

record (see Matter of Perestam v Perestam, 141 AD3d 757, 757-758 [2016]; Matter of Coleman v Millington, 140 AD3d at 1247).

Peters, P.J., Garry, Egan Jr. and Rose, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court