Vasaturo v Vasaturo (2024 NY Slip Op 01138)

Vasaturo v Vasaturo

2024 NY Slip Op 01138

Decided on February 29, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 29, 2024

535792
[*1]Joseph Vasaturo, Appellant,
v
Michael Vasaturo, Respondent.

Calendar Date:January 18, 2024

Before:Egan Jr., J.P., Clark, Lynch and McShan, JJ.

Sussman & Goldman, Goshen (Michael H. Sussman of counsel), for appellant.
Daniels, Porco and Lusardi, LLP, Carmel (Robert J. Baror of counsel), for respondent.

Clark, J.
Appeals from two judgments of the Supreme Court (Julian D. Schreibman, J.), entered June 27, 2022 and November 4, 2022 in Ulster County, upon a verdict rendered in favor of defendant.
In August 2019, plaintiff commenced the instant action pursuant to the Child Victims Act (see L 2019, ch 11) against defendant, his uncle. Plaintiff alleged that, when he was between 7 and 12 years old, defendant sexually abused him, and he sought recovery based on claims sounding in battery and intentional infliction of emotional distress, among other tort theories. Defendant filed an answer denying the allegations. Following discovery, defendant filed a motion seeking, among other things, to bifurcate the trial and to preclude the testimony of plaintiff's mental health counselor during the liability portion,[FN1] which motion plaintiff opposed; Supreme Court granted such relief. Following the liability portion of the trial, the jury rendered a verdict in favor of defendant. Thereafter, Supreme Court entered two judgments, among other things, dismissing the complaint. Plaintiff appeals, challenging Supreme Court's preclusion of the counselor's testimony.
Plaintiff argues that he should have been permitted to use the counselor's testimony to establish that his own symptoms and emotional presentation were consistent with an individual who suffered childhood sexual abuse, and that such expert testimony is admissible under Matter of Nicole V. (71 NY2d 112 [1987]). While such evidence may be used to corroborate a child's out-of-court statements in a child protective proceeding, that outcome is premised on evidentiary rules applicable to special proceedings in Family Court (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d at 118-122; Matter of Felix A. v Jennifer B., 209 AD3d 1131, 1132 [3d Dept 2022]) but not herein. Rather, in the context of this action, "expert testimony regarding rape trauma syndrome, abused child syndrome or similar conditions may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand," such as delays in reporting or resistance to identify a known abuser (People v Carroll, 95 NY2d 375, 387 [2000]; see People v Taylor, 75 NY2d 277, 292-293 [1990]; see also A.U.G. v J.G., 300 AD2d 205, 205 [1st Dept 2002]; Gomez v New York City Hous. Auth., 217 AD2d 110, 114-118 [1st Dept 1995]; Genao v State of New York, 178 Misc 2d 512, 517-518 [Ct Cl 1998]). This type of evidence, however, "is inadmissible when it inescapably bears solely on proving that [sexual abuse] occurred," as the usefulness of such evidence is outweighed by the possibility of undue prejudice (People v Taylor, 75 NY2d at 293; see People v Mercado, 188 AD2d 941, 943 [3d Dept 1992]). Ultimately, "[t]he admissibility and scope of expert testimony is addressed to the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion or an error of law" (Gibbs v Porath, 145 AD3d 1221, 1222[*2][3d Dept 2016] [internal quotation marks and citations omitted], lv denied 29 NY3d 906 [2017]; see O'Connor v Kingston Hosp., 166 AD3d 1401, 1403 [3d Dept 2018]).
Here, in opposing the motion to preclude, plaintiff explained that he sought to use the counselor's testimony to establish "that [his] symptoms are highly correlated with childhood abuse, particularly sexual abuse," and he maintains the same argument on appeal. Because such proffer is squarely prohibited, Supreme Court properly precluded the counselor's testimony during the liability phase of the trial (cf. People v Taylor, 75 NY2d at 293; People v Mercado, 188 AD2d at 943), and we find no basis upon which to disturb the judgments on appeal. To the extent not expressly addressed herein, plaintiff's remaining arguments are either unpreserved or lack merit.
Egan Jr., J.P., Lynch and McShan, JJ., concur.
ORDERED that the judgments are affirmed, without costs.

Footnotes

Footnote 1: In arguing for bifurcation, defendant conceded that, if liability was established, the counselor's testimony could be relevant to a determination of damages.